

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-26-2007

# USA v. Clark

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2447

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Clark" (2007). *2007 Decisions.* Paper 697.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/697

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2447
_____

UNITED STATES OF AMERICA

v.

MICHAH CLARK,

Appellant.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 02-cr-00415)
District Court Judge: Honorable Joseph E. Irenas
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 28, 2007

BEFORE: BARRY, FUENTES, and GARTH, <u>Circuit Judges</u>.

(Filed:  July 26, 2007)
_____

OPINION OF THE COURT
_____

FUENTES, <u>Circuit Judge</u>.

Michah Clark appeals his sentence of 87 months in prison.  We have jurisdiction

under 18 U.S.C. § 3742(a).  We review sentences generally for reasonableness, <u>United

States v. Cooper</u>, 437 F.3d 324, 327 (3d Cir. 2006), and exercise plenary review over

questions of law, United States v. Lloyd, 469 F.3d 319, 321 (3d Cir. 2006). For the following reasons, we will affirm.

Appellant Michah Clark was convicted by a jury of aiding and abetting an armed bank robbery. In April 2003, after calculating a Sentencing Guidelines range of 87 to 108 months, U.S. District Court Judge Stephen M. Orlofsky sentenced Clark to 97 months in prison. We affirmed the judgment on appeal, but later remanded the case to the District Court for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). Judge Orlofsky had retired by the time of our remand and the case was reassigned to U.S. District Court Judge Joseph E. Irenas.

Although he ordered that the probation department update the Pre-Sentence Report ("PSR") to include Clark's educational and rehabilitative efforts, Judge Irenas denied Clark's request for a brand new PSR. At the resentencing hearing, Judge Irenas first stated that he would not "revisit guideline issues." App. 28. Then, while carefully balancing the relevant factors under 18 U.S.C. § 3553(a), Judge Irenas considered Clark's efforts to rehabilitate himself, and ultimately sentenced him to 87 months in prison.

Clark now argues on appeal that the District Court should have conducted a de novo sentencing hearing. We disagree. Our remand instructed the District Court "to *reconsider* the sentence *in light of the decision of the Supreme Court in Booker*." Supp. App. 30 (emphasis added). The District Court did exactly what we ordered and properly exercised its discretion under § 3553(a) to reduce the sentence by ten months. Even were a recalculation of the Guidelines range necessary, Judge Irenas made clear that he

2

believed Judge Orlofsky and the probation department "got it right," App. 59, and Clark has failed to demonstrate that his Guidelines range was incorrect. We will affirm.